IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LINDA D. OUTLAW, | ) | CV. NO. 09-00620 JMS-BMK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFF'S OBJECTION TO |
| | ) | DEFENDANT'S BILL OF COSTS |
| UNITED AIRLINES, INC., | ) | BE GRANTED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S OBJECTION TO
DEFENDANT'S BILL OF COSTS BE GRANTED

Before the Court is *pro se* Plaintiff Linda D. Outlaw's ("Plaintiff") Objection to Defendant United Airlines, Inc.'s ("Defendant") Bill of Costs. (Docs. ## 65, 66.) Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing. After careful consideration of the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that Plaintiff's Objection be GRANTED and Defendant's Bill of Costs be DENIED.

The parties are familiar with the facts of this case. The Court therefore repeats only those facts that are relevant to the disposition of the instant

matter. Plaintiff is a former Reservations Service and Sales Representative ("RSSR") for Defendant. (See Doc. # 49-1, Freeman Decl. ¶ 2.) As an RSSR, Plaintiff was covered by a collective bargaining agreement ("CBA") between Defendant and the International Association of Machinists and Aerospace Workers ("IAM"). (Id. ¶ 5; Doc. # 49 Ex. 1.) The CBA provides a multi-step grievance process, which includes: (1) discussions with the employee's supervisor; (2) discussions with the employee's department head, and, if needed, an Investigative Review Hearing ("IRH"); (3) review by a human resources representative, and, if needed, a "Step 3" hearing; and (4) an arbitration hearing before the System Board. (Doc. # 49-1, Freeman Decl. ¶ 5; Doc. # 49 Ex. 1.) Plaintiff was also covered by the Rules of Conduct for IAM employees, which discusses suggested levels of discipline for specific infractions (from Level 1 through Level 5 (discharge)). (Doc. # 49-1, Freeman Decl. ¶ 6; Doc. # 49 Ex. 2.)

In November 2006, Plaintiff's supervisor Robert Freeman ("Freeman") began receiving complaints from customers and Plaintiff's co-workers about Plaintiff's performance and attitude. (See Doc. # 49-1, Freeman Decl. ¶ 8.) After a series of incidents, Labor and Performance Supervisor Ann Forsyth ("Forsyth") proposed a Level 5 discipline (discharge). (Doc. # 49-7, Forsyth Decl. ¶ 11.) An IRH Officer later determined that discharge was

appropriate. (Doc. # 49-13 Erwin Decl. ¶ 4; Doc. # 49 Ex. 11.) Plaintiff and the IAM grieved the decision up to a Step 3 hearing, which was held before a Labor Relations Representative who was not part of the underlying process. (Doc. # 49-13, Erwin Decl. ¶¶ 6-7.) Ultimately, the Labor Relations Representative upheld the decision to discharge Plaintiff. (Id. ¶ 9.)

On October 22, 2008, Plaintiff filed with the Hawaii Civil Rights Commission ("HCRC") and the Equal Employment Opportunity Commission ("EEOC") a discrimination charge on the basis of race and disability. (Doc. # 49 Ex. 13.) The HCRC and EEOC dismissed the discrimination charge, and issued Plaintiff right-to-sue letters. (Compl. Ex. 6; Doc. # 49 Ex. 14.)

Plaintiff filed a complaint against Freeman and Defendant on December 31, 2009, alleging discrimination on the basis of "race or color" in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. # 1.) Shortly thereafter, Plaintiff filed an Application to Proceed Without Prepayment of Fees or Costs ("IFP Application"). (Doc. # 5.) Plaintiff's IFP Application indicated that Plaintiff had no source of income at that time. (Id.) It also indicated that she had only $100 in cash, checking, and/or savings, and a car valued at $2,000. (Id.) In an order filed January 7, 2010, District Judge J. Michael Seabright concluded that Plaintiff made the required showing under 28 U.S.C. § 1915 to

proceed IFP (*i.e.*, without prepayment of fees). (Doc. # 6.) Judge Seabright thus granted Plaintiff's IFP Application and directed service of process. (Id.)

On March 29, 2010, Freeman and Defendant moved to dismiss Plaintiff's complaint. (Doc. # 14.) Judge Seabright granted the motion to dismiss as to Freeman, and denied the motion to dismiss as to Defendant. (Doc. # 27.) On December 22, 2010, Defendant moved for summary judgment. (Doc. # 48.) Judge Seabright granted Defendant's motion for summary judgment on March 24, 2011, and judgment was entered in favor of Defendant and against Plaintiff later that day. (Docs. ## 63, 64.)

On April 7, 2011, Defendant filed its Bill of Costs pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.2. (Doc. # 65.) Defendant's Bill of Costs requests taxable costs in the total amount of $1,587.25. (Doc. # 65-1.) Plaintiff filed her Objection to Defendant's Bill of Costs on April 15, 2011. (Doc. # 66.) Because Plaintiff is appearing *pro se*, the Court liberally construes her Objection. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that "[a] document filed *pro se* is 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Liberally construed, Plaintiff appears to argue that costs should be denied because, among other things, she has limited financial resources. (See Pl.'s Objection at 1-

2.)

Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Thus, "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). It is incumbent upon the non-prevailing party to demonstrate why costs should be denied. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). The Ninth Circuit has approved the following as appropriate reasons for denying costs: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." Champion Produce, Inc., 342 F.3d at 1022 (quoting Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000)) (ellipses in original, quotation marks omitted).

In this case, the Court finds that Plaintiff has limited financial resources. Plaintiff was granted IFP status on January 7, 2010. (Doc. # 6.) In her IFP Application, Plaintiff stated that she had no source of income at that time and she was seeking employment. (Doc. # 5 at 1.) More than a year later, Plaintiff

maintains that she still has no source of income and she continues to be unemployed.  (Pl.'s Objection at 1-2.)  Additionally, the Court finds that an award of costs might have a chilling effect on similarly situated persons who may desire to file civil rights actions.  For these reasons, the Court FINDS and RECOMMENDS that Plaintiff's Objection be GRANTED and Defendant's Bill of Costs be DENIED.

        IT IS SO FOUND AND RECOMMENDED.



     /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Linda D. Outlaw v. United Airlines, Inc.; CV. NO. 09-00620 JMS-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS BE GRANTED.

6